IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LESTER DEAN                                                                                PLAINTIFF

      v.                              CIVIL NO. 5:16-CV-5013

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Lester Dean, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits under the provision of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his current application for DIB on November 24, 2012, alleging an inability to work since March 20, 2011, due to a back injury; problems with his shoulder, knee, leg, and feet; arthritis; shortness of breath; and heart issues. (Doc. 10, p. 44). For DIB purposes, Plaintiff maintained insured status through September 30, 2016. (Doc. 10,

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

p. 203). An administrative hearing was held on May 15, 2014, at which Plaintiff appeared with counsel and testified. (Doc. 10, pp. 24-42).

By written decision dated July 11, 2014, the ALJ found that during the relevant time period, Plaintiff had a severe impairment of osteoarthritis. (Doc. 1, p. 15). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 10, p.16). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR § 404.1567(b), except that Plaintiff cannot perform overhead reaching with the dominant right upper extremity. (Doc. 10. pp. 16-19). With the help of a vocational expert (VE), the ALJ determined that Plaintiff was capable of performing the requirements of representative occupations such as a cashier II and a storage facility clerk. (Doc. 10, pp. 19-20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 9, 2015. (Doc. 10, pp. 4-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.　Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable

mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from

3

doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520(a)(4). Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520(a)(4)(v).

## III. Discussion:

Plaintiff makes the following arguments on appeal: 1) the ALJ failed to fully and fairly develop the record; 2) the ALJ failed to find that Plaintiff's restrictive lung disease, angina, peripheral vascular disease, diabetes, and neuropathy were severe impairments; 3) the implementation of Social Security Ruling 16-3 requires remand; and 4) the ALJ failed to properly evaluate the opinions of the consulting examining physicians of record. (Doc. 11). [2]

### A. Full and Fair Development of the Record:

Plaintiff argues that the ALJ erred in failing to fully develop the record by failing to order a consultative orthopedic examination, including a medical source statement. (Doc. 11, p. 7). The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995). The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). The ALJ, however, is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. "Reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995). "While an ALJ does have a duty to develop the record, this duty is not never-

---

[2] The Court has reordered Plaintiff's arguments to correspond with the five-step analysis utilized by the Commissioner.

ending and an ALJ is not required to disprove every possible impairment." McCoy v. Astrue, 648 F.3d 605, 612 (8th Cir. 2011).

In this case, the record consists of Residual Functional Capacity Assessments completed by non-examining medical consultants, a General Physical Examination form completed by an examining physician, a cardiac assessment by an examining physician, and Plaintiff's medical records, which included clinic notes from treating physicians and diagnostic testing. After reviewing the entire record, the Court finds the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. Accordingly, the undersigned finds the ALJ fully and fairly developed the record.

### B.     Severe Impairments:

Plaintiff argues that the ALJ erred in failing to find that Plaintiff's restrictive lung disease, angina, peripheral vascular disease, diabetes, and neuropathy were medically determinable and met severity. At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C.F.R. § 404.1520(c). While "severity is not an onerous requirement for the claimant to meet…it is also not a toothless standard." Wright v. Colvin, 789 F.3d 847, 855 (8th Cir. 2015) (citations omitted). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The claimant has the burden of proof of showing he suffers from a medically-severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000).

As for Plaintiff's angina, peripheral vascular disease, and restrictive lung disease, medical records showed that Plaintiff did not seek treatment for these conditions until March

of 2013, more than a year into the relevant time period. See Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997) (failing to seek medical assistance for alleged physical and mental impairments contradicted claimant's allegations of disabling conditions and supported unfavorable decision); Ostronski v. Chater, 94 F.3d 413, 419 (8th Cir. 1996) (complaints of disabling pain and functional limitations are inconsistent with the failure to take prescription pain medication or to seek regular medical treatment for symptoms). Moreover, no limitations were placed on Plaintiff as a result of the cardiac consultation or the diagnostic testing. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir .1999) (lack of physician-imposed restrictions militates against a finding of total disability). Lastly, Plaintiff's Pulmonary Function Report showed only mild restrictive lung disease/spirometry; yet, the record contained numerous accounts where doctors noted that Plaintiff smoked between one and two packs of cigarettes a day, despite being counseled on tobacco cessation on numerous occasions. (Doc. 10, pp. 194, 210, 228, 230, 232-233, 238, 243-245). See Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir.2008) (noting that "continued smoking amounts to a failure to follow a prescribed course of remedial treatment" when smoking has a direct impact on the alleged disability).

As for Plaintiff's allegations of diabetes, hypertension, hyperlipidemia, medical records from December 11, 2013, through Plaintiff's latest medical record on January 23, 2014, showed that each of these conditions was "stable." (Doc. 10, pp. 237-238, 241, 248-249). Estes v. Barnhart, 275 F.3d 722, 725 (8th Cir. 2002) (citations omitted) (an impairment which can be controlled by treatment or medication is not considered disabling).

As for Plaintiff's allegation that his neuropathy was a severe impairment, while medical records showed Plaintiff's neuropathy to be "sub-optimal control" on January 20th and 23rd of 2014, it was noted to be "stable" on December 11, 2013. (Doc. 10, pp. 238, 241, 249).

6

Moreover, as noted above, there were no significant limitations placed on Plaintiff as a result of his symptoms of neuropathy.

Furthermore, while the ALJ did not find all of Plaintiff's alleged impairments to be severe impairments, the ALJ specifically discussed the alleged impairments in the decision, and clearly stated that he considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir. 2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 404.1545(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 404.1523(c) (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity"). Based on a review of the record, the Court finds the ALJ did not err in setting forth Plaintiff's severe impairments.

### C. SSR 96-7p and 16-3p:

Plaintiff argues that the implementation of Social Security Ruling 16-3p requires remand. In this case, the ALJ issued his decision denying benefits on July 11, 2014, and concluded in part that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are less than fully credible to the extent they are inconsistent with the above residual functional capacity assessment." (Doc. 1, p. 22). The ALJ also discussed several relevant factors in evaluating Plaintiff's alleged symptoms.

7

Plaintiff points to Social Security Ruling 16-3p, Titles II and XVI: Evaluation of Symptoms in Disability Claims, which became effective March 28, 2016, after the date of the ALJ's decision, and superseded the ruling in effect at the time of the decision, Social Security Ruling 96-7p. "Unlike SSR-96-7p, SSR 16-3p does not use the term "credibility." Martsolf v. Colvin, No. 6:16-cv-00348-NKL, 2017 WL 77424 at *4 (W.D. Mo Jan. 9, 2017).

The Court does not believe it is necessary in this case to decide the issue of retroactivity, and that the Court's reasoning in Martsolf is persuasive. In Martsolf, the Court stated:

> Both SSR 96-7p and SSR 16-3p direct that evaluation of a claimant's subjective symptoms shall consider all evidence in the record. Both Rulings also incorporate the regulations, 20 C.F.R. §§404.1529(c)(3) and 416.929(c)(3), that identify factors to be considered in evaluating the intensity, persistence and functionally-limiting effects of the symptoms, including a claimant's daily activities; the nature, duration, frequency and intensity of her symptoms; precipitating and aggravating factors; and the type of medication and other treatment or measures used for the relief of pain and other symptoms, *i.e.*, the familiar factors identified in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). But while SSR 96-7p expressly provided that a credibility finding was required to be made under those regulations, SSR 16-3p expressly provides that use of the term "credibility" was being eliminated because the SSA regulations did not use it. 81 F.R. at 14167.

Martsolf, 2017 WL 77424 at *5.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). A review of the record reveals that Plaintiff was able to take care of his personal needs, spend two hours per day doing household chores, go outside daily, drive, shop for groceries, pay bills, and count change. (Doc. 10, pp. 162-165). On a December 10, 2012, Function Report, Plaintiff stated that his hobbies included watching television daily and wood-working every two to three weeks. (Doc. 10, p. 166). He also stated that he spent time with others daily, watching television and visiting. (Doc. 10, p. 166). This level of activity belies Plaintiff's complaints of pain and limitation and the Eighth

8

Circuit has consistently held that the ability to perform such activities contradicts a Plaintiff's subjective allegations of disabling pain. See Hutton v. Apfel, 175 F.3d 651, 654-655 (8th Cir. 1999) (holding ALJ's rejection of claimant's application supported by substantial evidence where daily activities–making breakfast, washing dishes and clothes, visiting friends, watching television and driving-were inconsistent with claim of total disability).

With respect to Plaintiff's impairments, including pain, a review of the record revealed that Plaintiff denied taking any prescription medication well into the relevant time period. Specifically, on Plaintiff's December 10, 2012, Pain Report, Ms. Gober reported that Plaintiff was not taking any prescription medications, but rather taking only two Aleve, as needed. (Doc. 10, p. 161). Plaintiff's function Report, also dated December 10, 2012, Plaintiff reported that he was not taking any medication. (Doc. 10, p. 169). Furthermore, at the hearing before the ALJ on May 15, 2014, the ALJ highlighted the fact that as of March of 2013, Plaintiff had not been to a doctor or hospital in 25 years. (Doc. 10, p. 28). See, e.g., Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir.1997) (failing to seek medical assistance for alleged physical and mental impairments contradicted claimant's allegations of disabling conditions and supported unfavorable decision). To the extent the Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). It is noteworthy, that Plaintiff was able to come up with the funds to support his smoking habit of one to two packs of cigarettes per day during the time period in question, despite being counseled on tobacco cessation. (Doc. 10, pp. 211, 231, 233, 238, 242).

In addition, Plaintiff's testimony showed that he quit working at his last job because he was moving to a new area with his girlfriend so that she could be near her sister, rather than as a result of the symptoms of his alleged impairments. (Doc. 10, p. 27).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion regarding Plaintiff's subjective complaints.

### D. The ALJ's RFC Determination and Medical Opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable

clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (citations omitted). An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. § 404.1527(d)(2)).

In the present case, when determining that Plaintiff could perform medium work with limitations, the ALJ considered Plaintiff's subjective complaints, the relevant medical records, the medical opinions from treating, examining, and non-examining physicians, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians") (citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

In his argument, Plaintiff alleges that the ALJ failed to properly evaluate the opinions of the consultative examiners Drs. Konstantin Berestnev and Dario Espina. (Doc. 11, p. 1-4). In his opinion, the ALJ referenced the consultative examiners' opinions and noted the following findings from those opinions: degenerative changes throughout the thoracic and lumbar spine; multilevel osteoarthritis; degenerative joint disease of the right shoulder with some decrease in range of motion in right upper extremity; pain symptoms; and antalgic gait. (Doc. 10, p. 17). The Court points out that Drs. Berestnev and Espina are neither treating sources nor non-examining sources, but are consultative examiners, meaning that they have

11

examined the Plaintiff on at least one occasion. The weight to be given to their opinions is determined by the factors listed under 20 C.F.R. § 404.1527(c). The ALJ is not required to give reasons for the weight given to the opinions of Drs. Berestnev or Expina because they are not a treating sources. See 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."). In determining the weight to be given to the consultative examiners' opinions, however, the ALJ noted that there was minimal evidence in the record overall and that Plaintiff's physical examinations were otherwise normal. Nevertheless, the ALJ included an exception of performing overhead reaching with the dominant right upper extremity in Plaintiff's RFC Assessment.

Moreover, the ALJ gave great weight to the non-examining medical consultants' opinions, who, considering the evidence of record, opined that Plaintiff had manipulative limitations with regard to overhead reaching with the right upper extremity. (Doc. 10, p. 18). The ALJ noted that their opinions were consistent with the treatment notes, consultative report, physical examinations, diagnostic testing, subjective complaints, and activities of daily living. (Doc. 10, p. 18). As previously noted, the ALJ included the exception of performing overhead reaching with the dominant right upper extremity in Plaintiff's RFC Assessment. See Brown v. Astrue, 611 F.3d 941, 951-52 (8th Cir. 2010) (The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions.).

After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination of light work with the exception of overhead reaching with the dominant right upper extremity.

### E. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert (VE) fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a cashier II, and a storage facility clerk. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 8th day of June, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE